McIlvaine, J.
If the principles stated in the syllabus-were decisive of the questions in this case, I would be content with the judgment. But the casé, as I understand it, can not be disposed of by the rules of law there stated nor can it, in my judgment, be resolved in favor of the plaintiff in error upon any correct principle. The sole question in the case arises upon the rejection, by the Court of Common Pleas, of certain testimony offered by the plaintiff' in error, who was defendant below. In order to determine whether this was error, it is necessary to understand the issues in the case, and the circumstances under which the testimony was rejected.
The action in the court below was brought by the defendant in error, Richmond, to recover from the plaintiff in error, Bobo, the possession of a strip of land containing about six acres, situate on the east side of the west half of a certain quarter section.
The answer of the defendant contained three defenses: 1. A denial of the plaintiff’s title; 2. Certain facts alleged to constitute an estoppel in pais; 3. The statute of limitations. By the reply, issues were joined upon the second' and third defenses.
The substance of the matter set up in the second defense,, by way of estoppel in pais (without reciting all intermediate' conveyances from Amos Shry, who was the common-source of title), may be briefly stated as follows: Previous to July 3, 1833, Amos Shry agreed to sell to his son, John L. Shry, “eighty acres off the west side” of the'quarter,, and thereupon the parties “ laid off and established a line ” running north and south through the quarter section, so as- *124 to divide eighty acres on the west side from the balance of the quarter. Afterward, on the 3d off July, 1833, Amos executed and delivered to John a .deed in fee for the “wes+ half” of the quarter; “they both meaning and intending,” as was alleged “by such conveyance, to grant on the one part, and to take and h^don the other, the said •eighty acres.” The “ west half” thus conveyed, contained in fact eighty-six acres. After the conveyance, Amos continued to occupy the east part of the quarter up to the line first laid out and agreed upon, and “ made lasting and valuable improvements ” upon the land in dispute, “ believing he was the owner thereof.” The nature of the improvements are not stated. This occupancy by Amos was “with the knowledge and by the consent” of John. In 1836, one David Richmond (at that time the husband of plaintiff, but now deceased), being desirous to buy the interest of John, was shown the line to which the respective •owners of the quarter were occupying, and afterward received a deed of conveyance from John for “ the west half” of the quarter, containing eighty acres.” Soon after his purchase, Richmond built a fence on the east line of his land, as laid by Amos and John Shry, and Amos, “with the knowledge of Richmond, who was fully advised of his rights, and without any objection from him,” continued to •occupy up to the fence so built by Richmond, and “'made ether lasting and valuable improvements, such as planting .a valuable orchard.” During the lifetime of Richmond, he never claimed any other line between him and Amos than the line on which the fence was built, to be the true line. After his death, the defendant, Bobo, purchased all the lands of Amos in the quarter — Amos intending to sell, and Bobo to buy, up to the line of said fence. After his purchase, Bobo occupied up to the fence, claiming to own all the land so occupied by him. The plaintiff' afterward succeeded to all the title of her late husband, and brought this action to recover the strip of land in dispute. The second defense concludes as follows: “Wherefore the defendant claims and insists that the plaintiff is estopped *125 from claiming title to, or the possession of said premises.”
The only matters complained of are contained in the bill of exceptions, of which the following is a copy:
“ Be it remembered, that on the trial of this case, at the-March term, A. D. 1867, of said court, to wit, on the 26th day of April, A. d. 1867, the plaintiff, to maintain the issue on her part, gave evidence to the court (the case having been duly submitted by the parties to the court for trial), tending to prove all the facts stated in her petition, and did prove, and the same was admitted in open court by the-defendant, that the conveyance from said Amos Shry to said John L. Shry (that is, the description of the premises) was for “ the west half ” of said quarter section ; that the-conveyance from said John L. Shry to David Richmond, of February 3, 1836, was for “the west half of said quarter section, containing eighty acres;” that the conveyance-from the sheriff to Patrick Murdoch of said estate of said David Richmond, was for “ the west half of said quarter section, containing eighty acres more or less;” that the conveyance from said Murdoch to the plaintiff' contained the same description a3 said sheriff’s deed; and that the line-dividing said west and east halves of said quarter section was never actually surveyed till since the death of said David Richmond, in 1850, when, as the evidence tended to-prove, the said Amos Shry was in the actual possession of the premises in dispute, having the same inclosed and fenced, and which was before said sheriff’s sale to said Murdoch; and the plaintiff also gave evidence tending to prove that.the said quarter section contains one hundred and seventy-two acres instead of one hundred and sixty acres, and rested her case.
“And thereupon the defendant, to maintain the issue set up in his answer two herein as amended, produced, and had sworn and called to the- stand a witness, the said Amos Shry,. by whom he offered and asked the court to be permitted to-prove all and singular the facts and statements in his said second answer as amended, stated, and contained; to which, or *126 proving any part thereof, the plaintiff objected, and which objections the court sustained, so far as to refuse to permit the defendant to prove the same, or any part thereof, as an estoppel in pais, but held that the defendant might give evidence of such facts therein stated as were competent for that purpose, to establish twenty-one years’ adverse possession in himself and those under whom he claims of the lands in dispute, to show title by disseizin under the statute of limitations. Whereupon the said defendant disclaimed in open court all intention or purpose to use the said answer as an answer of the statute of limitations, etc., but only as an answer of estoppel in pais; and he specially set up the said statutory bar in his said third answer herein, and would introduce all the evidence he might have upon that subject in its proper order and connection under said third answer. Whereupon-the court refused to permit the defendant to offer any evidence under said second answer, or to permit the said witness to testify to any of said facts upon and under said second answer; to which the defendant excepted, and asked the court to sign and seal this his bill of exceptions, and that the same be made part of the record herein, which is done accordingly, this April 27, A. d. 1867.”
The grounds of dissent will readily appear from the above statement of the case. It will be observed that the case, as presented to us upon the record, as I understand it, does not involve any question under the statute of limitations. The defense of twenty-one years of adverse possession, must be regarded as having been abandoned by the defendant. Such was the effect of his disclaimer, made in open court, at the trial. Nor does the judgment rest, upon the doctrine of “an agreed line.” There is no pretense that there was doubt or dispute, at any time, as to the location of the true line between the east and west halves of the quarter section. If its location was not in fact known by the parties, it could have been ascertained by the simplest process. The line laid by the Sh-rys, before the conveyance of the “west half” by Amos to John, was intended to set *127 apart eighty acres on the west from the balance of the quarter. Eor that purpose the line was correctly laid. The deed subsequently executed by Amos to John, conveyed eighty-six acres, and included the land in controversy. That such was the legal effect of the deed is not disputed, and there is no claim made that at any time after the conveyance, the owners of the respective halves entered into an express agreement as to the location of the line between the halves. It is true that John and his assigns, owners of the “ west half,” permitted Amos Shry, the grantor of Bobo, to occupy the strip in controversy, and to make valuable improvement, in the line of ordinary husbandry, upon the same. But such occupancy can not prevail against the legal title, until it has been continued for twenty-one years. This is clearly so. Nor was there any question made in the case as to the right of the defendant to reform the deed from Amos to John, on account of mistake or otherwise. It was not alleged that the parties used the description “ west half” by mistake, or that they did not understand its legal effect. A reformation of the deed was not asked for.
That the testimony offered and rejected was competent as tending to prove an adverse possession in the defendant for more than twenty-one years, is not doubted. The court below was willing to hear it for that purpose. Nor is it denied that such testimony was competent as tending to prove a mistake, for which the deed might be reformed. The objection to the decision of the court is this: The defendant sought to defeat an unquestioned legal title, by an alleged estoppel in pais; but the facts constituting the supposed estoppel were such as tended to prove adverse possession, and nothing more. If such matters are held to constitute an estoppel in pais, the result will be that the statutory period, within which an action to recover real estate may be brought, must be ignored, where the defendant can show an adverse possession in himself. This is an abuse of the doctrine of estoppel in pais. The “ second defense ” was obnoxious to the objection, that it contained nothing but matter *128 of evidence tending to support the plea of the statute of limitations.
White, J., concurred in the dissenting opinion of McIl-VAINE, J.